UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIK SHABAZZ, | ) | CASE NO. 1:11CV1185 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM MASON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

On November 30, 2011, the Court issued an order pursuant to Fed. R. Civ. P. 41(b) for plaintiff to show cause by December 15, 2011 why this action should not be dismissed for failure to prosecute. (Doc. No. 9.) The Order was mailed to three different addresses, two of which the Clerk has on file for plaintiff and the third of which was found by referring to the records of the Cuyahoga County Court of Common Pleas.[1] Two of those mailings were returned as undeliverable;[2] one was marked "Return to sender/Attempted not known/Unable to forward" (Doc. No. 10) and the other was marked "Return to Sender/No Longer Here" (Doc. No. 11). The third mailing was never returned as undeliverable.[3] The Court, therefore, assumes that plaintiff received the show cause order. Even so, no response was filed.

---

[1] The November 30th Order outlined in detail the Clerk's efforts over time to serve various documents on plaintiff. Because mailings to the two addresses on file have been routinely returned as undeliverable, the Court referred to the online records of the Cuyahoga County Court of Common Pleas and found a third address which plaintiff has never supplied to this Court. In an abundance of caution, the Court directed the Clerk to mail the show cause order to all three possible addresses of plaintiff.

[2] These were the two addresses for the plaintiff that the Clerk of *this* Court had on file.

[3] Presumably, that third address is plaintiff's correct address, although it is not an address that plaintiff has ever supplied to this Court.

Fed. R. Civ. P. 41(b) permits dismissal with prejudice for failure to prosecute. Dismissal for failure to prosecute is "an extreme sanction which can be justified only when there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at * 1 (6th Cir. Apr. 20, 1987) (citing *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 689 (6th Cir. 1985) (per curiam); *Carter v. City of Memphis, TN*, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam)).

Here, plaintiff has clearly abandoned this lawsuit. He has failed to keep a current address on file with the Clerk and he has failed to supply correct addresses for the defendants so that the summons and complaint can be served by the U.S. Marshal.[4] He has also failed to respond to this Court's order to show cause. In view of these facts, the Court concludes it is perfectly justified in dismissing this action with prejudice under Fed. R. Civ. P. 41(b). Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

The Clerk is directed to mail the instant dismissal order and the accompanying judgment entry to plaintiff Shabazz at the following address, which appears to be his current address:

> 2439 W. 6th St.
> Cleveland, OH 44113-4526

**IT IS SO ORDERED**.

Dated: December 19, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Service is effected by the U.S. Marshal because plaintiff was granted leave to proceed *in forma pauperis*.

2